UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TELSON O.,

    Petitioner,

v.

KIRSTJEN M. NIELSEN et al.,

    Respondents.

Civ. No. 19-3351 (KM)

**MEMORANDUM OPINION**

## KEVIN MCNULTY, U.S.D.J.

Petitioner, Telson O.,[1] is an immigration detainee currently held at the Hudson County Correctional Center, in Kearny, New Jersey. On January 30, 2019, acting pro se, he filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner claimed that his immigration detention under 8 U.S.C. § 1226(c) was improper and unduly prolonged. Specifically, he alleged, among other arguments, that his detention should have been governed by § 1226(a), rather than the mandatory-detention provision of § 1226(c). (*See* DE 1.) The government, on behalf of respondents, filed a timely response to the petition, and Petitioner has filed a reply brief. (DE 7, 10.)

After filing its response, the government followed up to notify the Court that Petitioner's order of removal had become final because the Board of Immigration Appeals ("BIA") had dismissed Petitioner's appeal. Accordingly, the government asserted that Petitioner's detention was no longer governed by § 1226 and instead fell under the authority of 8 U.S.C. § 1231. (DE

---

[1]     Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

8.) The government subsequently notified the Court that Petitioner had filed a petition for review of the BIA's decision with the Court of Appeals for the Second Circuit and that, pursuant to that Court's forbearance policy, Petitioner would not be removed pending the completion of review. Nonetheless, the government asserted, Petitioner's detention was governed by § 1231. (DE 12.) In response, Petitioner has argued that the Second Circuit's forbearance policy acts as a de facto stay of removal and, consequently, that his detention should still be treated as falling under § 1226. (DE 14.)

Petitioner has now filed a motion seeking an emergency temporary restraining order or preliminary injunction barring respondents from attempting to remove him from the country. He asserts that, despite the Second Circuit's forbearance policy, government agents have "consistently maintained a calculated attempt to remove [him] by mounting pressures and threats over [him] continually on weekly basis[;] [p]articularly, there as been a continual threat of charging [him] criminally and/or moving [him] out of the jurisdiction of this court at any time from now." (DE 15, 15-6.) Petitioner worries that the government "can remove [him] to Nigeria even with fake documents at any time from now if the court failed to intervene and issue order restraining them from doing so." (DE 15-6.) He contends that he would suffer irreparable harm if removed. (*Id.*)

Petitioner's motion for a temporary restraining order or preliminary injunction must be denied for several reasons. As Petitioner has noted, the extraordinary relief of a preliminary injunction typically requires the movant to demonstrate (1) a likelihood of success on the merits, (2) that denial would cause irreparable harm to the plaintiff, (3) that granting the injunction would not cause irreparable harm to the defendant, and (4) that the injunction would be in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998). What this standard

makes apparent, however, is that a temporary restraining order or preliminary injunction generally grants "intermediate relief of the same character as that which may be granted finally." *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). In short, "there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 F. App'x 836, 837–38 (3d Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). The Court of Appeals for the Third Circuit has noted that a request for injunctive relief is "legally deficient" when it is "targeted at potential conduct that bears no relation to his underlying claim." *Martin v. Keitel*, 205 F. App'x 925, 928–29 (3d Cir. 2006); *see also Ball*, 396 F. App'x at 837–38.

Accordingly, a temporary restraining order or preliminary injunction staying Petitioner's removal in this case would be inappropriate, because this is a petition for release from prolonged immigration custody, where removal is not imminent. (*See* DE 1.) Indeed, staying Petitioner's removal would seem, if anything, to prolong the detention he seeks to challenge as unduly prolonged.

In any case, Petitioner can seek no final relief from this Court concerning his removability because he is barred from doing so. A habeas proceeding is intended to permit a prisoner or detainee to challenge the imposition or duration of a period of custody. *See* 28 U.S.C. 2241(c)(3); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002); *see also McGee v. Scism*, 463 F. App'x 61, 63 (3d Cir. 2012) ("Neither claim was a challenge to the fact or duration of imprisonment, which is the essential purpose of the writ of habeas corpus."). It follows that this Court may consider a habeas petition like the one, challenging the propriety and duration of an immigration-related detention, but the Court is explicitly deprived of jurisdiction to review the propriety of a removal order or stay removal. *See* 8 U.S.C. § 1252(a)(5); *see also Jordon v. Att'y*

*Gen. of U.S.*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he [Real ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

The Real ID Act of 2005 bars district courts from interfering with removal proceedings:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 [(the All Writs Act)] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). District Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the claims presented. *See Fermin v. United States*, No. 17-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018); *Vasquez v. United States*, No. 15-3946, 2015 WL 4619805 (S.D.N.Y. Aug. 3, 2015); *see also Ingram v. Holder*, No. 12-390, 2012 WL 1339919 (N.D. Ala. Apr. 13, 2012); *Lage v. Chapdelaine*, No. 10-1030, 2010 WL 4688820 (D. Conn. Nov. 10, 2010); *Sanchez v. Florida*, No. 09-1223, 2009 WL 1953002 (M.D. Fla. July 6, 2009); *Watson v. Stone*, No. 13-480, 2013 WL 6072894 (M.D. Ga. Nov. 18, 2013); *Camick v. United States*, No. 16-3030, 2016 WL 8943170 (D. Kan. June 7, 2016); *Tejada v. Cabral*, 424 F. Supp. 2d 296 (D. Mass. 2006); *Sanchez-Ronquillo v. Adducci*, No. 17-11395, 2017 WL 3386318 (E.D. Mich. Aug. 7, 2017); *Cole v. Byam*, No. 11-115, 2011 WL 1166899 (W.D. Mich. Feb. 25, 2011); *Calderon-Rodriguez v. Terry*, No. 12-691, 2013 WL 1897821 (D.N.M. Apr. 30, 2013); *Rosales v. Artus*, No. 10-2742, 2011 WL 3845906 (E.D.N.Y. Aug. 30, 2011); *Eisa v. ICE*, No. 08-6204, 2008 WL 4223618 (S.D.N.Y. Sept. 11, 2008); *Adames v. Hinton*, No. 16-963, 2016 WL 7386348 (S.D. Ohio); *Guzman v. ICE*, No. C-06-23, 2006 WL 2345995 (S.D. Tex. Aug. 10, 2006).

Instead, applications for stays of removal should be directed to the appropriate Court of Appeals. *See Fermin*, 2018 WL 623645 at *3. Indeed, I note that Second Circuit, in the opinion announcing policies for handling immigration cases, which Petitioner received upon filing his petition for review, seems to invite persons in Petitioner's exact position to apply to that Court for a stay of removal. After acknowledging that the forbearance policy will generally prevent removal while a petition for review is pending, the Court noted, "In the event that the Court and a petitioner are advised at any time that this assumption is unwarranted, the petitioner may promptly apply for a stay of removal." (DE 15-2, Op., *In re Matter of Immigration Pets. for Review*, No. 12-4096 (2d Cir. Oct 16, 2012).) Thus, it seems that if Petitioner is genuinely worried that he may be removed prior to a decision on his petition for review, he may seek a formal stay of removal from the Second Circuit.[2]

I acknowledge that this Court, as well as others, has occasionally found that extraordinary circumstances warrant staying removal in order to preserve the petitioner's constitutional rights, particularly when the petitioner has no other apparent avenue for obtaining relief. That is not the case here. Petitioner's motion to stay his removal bears little, if any, relation to his habeas petition seeking to challenge his detention. And, as already noted, his belief that the government may seek to remove him in spite of the Second Circuit's forbearance policy suggests that he must seek any preliminary relief from that Court, which is presently considering claims pertaining to his removability. For these reasons, Petitioner's motion for a temporary restraining order or preliminary injunction (DE 15) will be denied.

I will take this opportunity to additionally address the merits of Petitioner's case, as they presently stand. Petitioner has been in immigration custody for over 18 months, since March 9,

---

[2] That decision also seems to require the government to give the Second Circuit 21 days' notice if it plans to execute the removal of a petitioner seeking immigration review. (*See* DE 15-2, Op. at 9.)

2018. The government contends, however, that, as Petitioner's order of removal became final on May 6, 2019, and that, since that date, he has been detained under § 1231 rather than § 1226. Petitioner argues that the Second Circuit's forbearance policy should be treated as a stay of removal, thus placing his detention back under the authority of § 1226. The judges of this District have consistently held that the forbearance policy is *not* the equivalent of a stay of removal and that petitioners awaiting immigration review by the Second Circuit are nevertheless still detained under § 1231. *See, e.g., Boyd v. Taylor*, No. 17-3284, 2017 WL 4316098, at *3 (Sept. 28, 2017); *Jones v. Aviles*, No. 15-4819, 2016 WL 3965196, at *2–*3 (July 21, 2016); *Rone v. Aviles*, No. 15-3798, 2016 WL 158521, at *4–*5 (Jan. 13, 2016). Accordingly, I find that Petitioner's detention under § 1226 ended as of May 6, 2019, and that he began detention under § 1231 on that date.

Section 1231(a) creates a 90-day removal period during which the government must detain persons still awaiting removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Once the 90-day removal period expires, the government may continue to detain, or may release on bond, aliens who are deportable based on various specified grounds, under 8 U.S.C. § 1231(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678, 688–89 (2001). The Supreme Court of the United States, in *Zadvydas v. Davis*, 533 U.S. 678, found that § 1231 does not authorize indefinite post-removal-period detention. *Id.* at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* The Court further noted that six months would be a "presumptively reasonable" period of post-removal-order detention under § 1231. *Id.* at 701.

In *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018), the Court of Appeals for the Third Circuit emphasized "that aliens detained under § 1231(a)(6) are

only entitled to a bond hearing after *prolonged* detention." *Id.* at 225. That Court further adopted a "six-month rule," meaning that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months of custody." *Id.* at 226 (parenthetical omitted).

Here, while Petitioner has been in immigration detention of one type or another for over 18 months, he has been detained under § 1231(a) for around four months. Thus, his detention is short of the six-month duration that the Third Circuit has found to constitute prolonged detention warranting a bond hearing. Accordingly, Petitioner is not entitled at this time to a bond hearing. He may move to reopen this proceeding if he ultimately remains in immigration custody for a period that is unwarranted under § 1231 or if he reverts to custody under § 1226.

For the foregoing reasons, Petitioner's motion for a temporary restraining order or preliminary injunction staying his removal will be denied. Furthermore, the habeas petition, (DE 1), will be denied without prejudice to reopening this proceeding if Petitioner remains in custody for an unwarranted period under 8 U.S.C. § 1231(a) or if he reverts to custody under § 1226. An appropriate order follows.

DATED: September 20, 2019

KEVIN MCNULTY
United States District Judge

7